IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WISCONSIN JAM PRODUCTIONS, INC.
and ROCK JAM, LLC,

                                                    OPINION AND ORDER

              Plaintiffs,

                                                        11-cv-107-bbc

    v.

BOBBY WILLIS and
WESTERN SLOPE COUNTRY FEST, LLC,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       This case arises out of a dispute over a proposed sale of two annual music festivals. Plaintiffs Wisconsin Jam Productions, Inc. and Rock Jam, LLC organize and operate Country Jam and Rock Jam, festivals that take place each year on land plaintiffs own in Mesa County, Colorado. Plaintiffs allege that, in September 2010, defendant Bobby Willis offered to buy their festivals for more than $8 million. They gave Willis "certain confidential and proprietary business information" after entering into a confidentiality agreement. In October or November 2010, Willis changed his mind, offering to exchange land with plaintiffs rather than pay with cash. He threatened plaintiffs with legal and financial ruin if they did not complete the transaction. After the parties failed to reach an agreement,

1

Willis announced that he was going to hold another country music festival at the same time and near the location of plaintiffs' Country Jam. After Willis solicited "Moose Country 100.7," that radio station withdrew from sponsoring plaintiffs' event.

Four motions are before the court: (1) a motion to dismiss plaintiffs' claims under the Sherman Act, which are the sole federal claims in the original complaint; (2) a motion by defendant Western Slope Country Fest, LLC, to be dismissed from the complaint for lack of personal jurisdiction and improper venue; (3) defendants' motion to transfer the case to the United States District for the District of Colorado under 28 U.S.C. § 1404; and (4) plaintiffs' motion for leave to amend their complaint to drop defendant Western Slope and their Sherman Act claims and to add Timothy Cooney as a defendant and a claim under the Racketeer Influenced and Corrupt Organizations Act.

I am denying plaintiffs' motion for leave to amend their complaint as futile because the proposed amended complaint does not state a claim upon which relief may be granted under RICO. Because this leaves plaintiffs with no federal claims and plaintiffs do not identify another basis for exercising jurisdiction over the state law claims, I am dismissing the state law claims without prejudice to plaintiffs' refiling them in state court. I am denying the remaining motions as moot.

2

OPINION

The parties acknowledge that plaintiffs' motion for leave to amend their complaint moots the motions to dismiss. However, defendants argue that plaintiffs should not be given leave to amend their complaint for two reasons. First, defendants argue that the original complaint did not establish a basis for subject matter jurisdiction because the sole federal claim in the original complaint does not state a claim upon which relief may be granted and plaintiffs cannot cure that jurisdictional defect by substituting another federal claim. Second, defendants argue that amendment is futile because plaintiffs' proposed amended complaint does not state a claim under RICO.

I consider first the issue of subject matter jurisdiction, as I am required to do. Avila v. Pappas, 591 F.3d 552, 553 (7th Cir. 2010) ("The first question in every case is whether the court has jurisdiction."). Plaintiffs' original complaint includes two claims under the Sherman Act and five claims under state law (breach of contract, misappropriation of trade secrets, interference with a prospective contract, fraud and negligent misrepresentation). Thus, 28 U.S.C. § 1367 would give this court supplemental jurisdiction over the state claims so long as the state and federal claims share "a common nucleus of operative fact," Wisconsin v. Ho-Chunk Nation, 512 F.3d 921, 936 (7th Cir. 2008), which means that the two claims arise out of "the same set of circumstances." Houskins v. Sheahan, 549 F.3d 480, 495 (7th Cir. 2008). That standard is met because all of plaintiffs' claims arise out of their

3

interactions with defendants regarding the Colorado music festivals. (Plaintiffs do not argue that jurisdiction exists under 28 U.S.C. § 1332, so I do not consider that question.)

Defendants argue that the original complaint did not provide a basis for federal jurisdiction because plaintiffs did not state a claim under the Sherman Act, but this is confusing jurisdiction with the merits. Goros v. County of Cook, 489 F.3d 857, 860 (7th Cir. 2007). A federal claim provides a basis for jurisdiction unless the claim is frivolous, id., but defendants do not make that argument with respect to plaintiffs' Sherman Act claim.

Even if I assume that the Sherman Act claim is frivolous, this would not necessarily doom an amended complaint with a new federal claim. Defendants are correct that courts "analyze jurisdiction based on the events at the time the case is brought," Hukic v. Aurora Loan Services, 588 F.3d 420, 427 (7th Cir. 2009), but the key word in this statement is "events." Plaintiffs are not prohibited from amending their complaint to preserve federal jurisdiction, so long as the events alleged in the amended complaint occurred before the original complaint was filed. "Thus, when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." Rockwell International Corp. v. United States, 549 U.S. 457, 473-74 (2007).

In comparing the two complaints, I see no indication that plaintiffs have added more recent allegations in order to state a claim under RICO. Rather, the allegations against defendant Willis are virtually the same; the only new facts are those related to defendant

4

Timothy Cooney. In particular, plaintiffs allege that Cooney repeated misrepresentations about Willis's ability to pay plaintiffs $8.25 million, that Cooney moved into a house on plaintiffs' property after Willis "made threats of physical harm" to the groundskeeper, that Cooney is the owner of Western Slope County Fest, LLC, which was formed to operate the festivals and that he attempted to buy the festivals when plaintiffs' deal with Willis fell apart. Accordingly, I conclude that there is no jurisdictional obstacle to allowing plaintiffs to amend their complaint.

The next question is whether plaintiffs' proposed amended complaint states a claim upon which relief may be granted under RICO. Bethany Pharmacal Co. v. QVC, Inc., 241 F.3d 854, 861 (7th Cir.2001) (motion for leave to amend may be denied if doing so would be futile because new claims would have to be dismissed). Although I could consider defendants' motion to transfer before considering the merits of the RICO claim, because the issue is ripe for review and it could resolve the proceedings in federal court, I will decide the motion for leave to amend the complaint first.

Both sides assume that plaintiffs are proceeding under 18 U.S.C. § 1962(c). The Supreme Court has divided that type of claim into four elements: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496 (1985). "The plaintiff must, of course, allege each of these elements to state a claim." Id.

5

The first task is to identify the alleged "racketeering activity," or, in the language used by courts, the "predicate acts."  E.g., Hemi Group, LLC v. City of New York, New York, 130 S. Ct. 983, 987 (2010); United States v. Shamah, 624 F.3d 449, 456 (7th Cir. 2010).  The statute defines "racketeering activity" in 18 U.S.C. § 1961(1) by referring to a long list of federal crimes and more generally to state law crimes prohibiting certain conduct, such as extortion, bribery and murder.  Plaintiffs do not clearly identify which acts by defendants they believe qualify as "racketeering activity," but they cite four statutes in their amended complaint: 18 U.S.C. § 1951 (extortion and threats of physical violence), 18 U.S.C. § 1343 (fraud by wire, radio or television), Wis. Stat. § 943.30 (extortion by threats to injure business or accuse of crime); Wis. Stat. § 943.31 (extortion by threatening to communicate derogatory information).  Using these statutes as a guide, it seems that plaintiffs are relying on the following alleged predicate acts:

- defendants' misrepresentation that Willis would pay $8.25 million to plaintiffs for their music festivals;

- defendant Willis's threat to physically harm plaintiffs' groundskeeper unless plaintiffs allowed defendant Cooney to move into their house;

- defendant Willis's misrepresentation that the land he wanted to exchange for plaintiffs' land was worth more than $8.25 million;

- threats by defendant Willis made to plaintiffs that he would "bankrupt" them

6

      and have them criminally charged if they did not sell;

- Cooney's misrepresentation that he wanted to buy the festivals as part of a group that was not associated with Willis.

One problem with these predicate acts is that it is not clear how plaintiffs were harmed by most of them. Holmes v. Securities Investor Protection Corp., 503 U.S. 258, 268-69 (1992) (no cause of action under RICO unless violations were proximate cause of injury to business or property). Plaintiffs do not allege that they gave in to any of defendants' alleged attempts of extortion and they do not identify any other injury to their business or property caused by the attempted extortion. Plaintiffs include an allegation that they relied to their detriment on defendants' misrepresentations, but that is simply a conclusion that is not entitled to the presumption of truth. Ashcroft v. Iqbal,129 S. Ct. 1937, 1949 (2009). The primary injury (or potential injury) alleged in the complaint is the harm caused by defendants' decision to hold a competing music festival, but that decision does not constitute extortion or fraud, so it cannot serve as the basis for a RICO claim. Beck v. Prupis, 529 U.S. 494, 505 (2000) ("[I]njury caused by an overt act that is not an act of racketeering or otherwise wrongful under RICO is not sufficient to give rise to a cause of action.") (citations omitted).

This leads to a problem with another element of plaintiffs' claim, which is whether defendants engaged in a "pattern" of racketeering activity. In H.J. Inc. v. Northwestern Bell

7

Tel. Co., 492 U.S. 229, 237 (1989), the Supreme Court held that "[p]redicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement" because "Congress was concerned in RICO with long-term criminal conduct." Id. This limitation is important to prevent plaintiffs from "turn[ing] garden-variety state law fraud claims into federal RICO actions," something Congress did not intend. Jennings v. Auto Meter Products, Inc., 495 F.3d 466, 472 (7th Cir. 2007). Courts refer to this as a requirement for "continuity" and have identified two types, one in which "the criminal behavior . . . has come to a close but endured for such a substantial period of time that the duration and repetition of the criminal activity carries with it an implicit threat of continued criminal activity in the future" (closed-ended continuity), and one in which the alleged "past conduct . . . by its nature projects into the future with a threat of repetition" (open-ended continuity). Id. at 473 (internal quotations omitted).

In this case, the first alleged misrepresentation and threat occurred in September 2010 and the last occurred in December 2010, which is not a sufficient period of time to constitute "closed-ended continuity," particularly because of the relatively small number of predicate acts alleged in the complaint. Morgan v. Bank of Waukegan, 804 F.2d 970, 976 (7th Cir. 1986) (in determining whether plaintiff has alleged pattern of racketeering activity, "[r]elevant factors include the number and variety of predicate acts and the length of time over which they were committed, the number of victims, the presence of separate schemes

8

and the occurrence of distinct injuries"). See also Jennings, 495 F.3d at 474 (10 months not long enough when "complaint . . . alleges very few criminal acts" and plaintiff was sole victim); Roger Whitmore's Automotive Services, Inc. v. Lake County, Illinois, 424 F.3d 659, 673 (7th Cir. 2005) (continuity not established when predicate acts spanned two years, number of predicate acts "was not large" and "the victims of the defendants' activities were confined to a small group"); Midwest Grinding Co. v. Spitz, 976 F.2d 1016, 1024 (7th Cir.1992) (finding nine-month scheme insubstantial); Olive Can Co. v. Martin, 906 F.2d 1147, 1151 (7th Cir. 1990) (finding six months to be "short period of time"); Uni*Quality, Inc. v. Infotronx, Inc., 974 F.2d 918, 922 (7th Cir. 1992) (scheme that lasted at most seven to eight months was "precisely the type of short-term, closed-ended fraud that . . . this circuit consistently has held does not constitute a pattern.").

Plaintiffs argue in their brief that the amended complaint shows "open-ended continuity" because defendants' scheme continues to the present. In particular, they say that defendants "have expressed their intent to do harm to Plaintiffs' business by offering a free music festival." Plts.' Br., dkt. #39, at 9. However, as noted above, the decision to hold a competing music festival is neither extortion nor fraud. It may be inferred from plaintiffs' amended complaint that defendants have a vendetta against plaintiffs and may try to harm their business, but it cannot be inferred reasonably that defendants will commit fraud in the future or obtain plaintiffs' property through extortion.

Alternatively, plaintiffs argue that defendants' scheme is "still going on" because there is no way to know whether defendants will carry through with their threats at some point in the future. Plts.' Br., dkt. #39, at 9. Under this view, any unresolved threat would be enough to satisfy the continuity requirement indefinitely, with the statute of limitations being the only potential restriction. In any event, plaintiffs' argument is a red herring because "threats" are racketeering activity only if they are tied to one of the prohibited acts, such as extortion. Because plaintiffs do not suggest that they have any intent to give or sell their property to defendants as a result of any threats, they cannot show that any extortion is likely to occur in the future. Scheidler v. National Organization for Women, Inc., 537 U.S. 393, 404-405 (2003) ("[A]cts d[o] not constitute extortion [if the defendants] did not 'obtain' [the plaintiffs'] property. [Defendants] may have deprived or sought to deprive [plaintiffs] of their alleged property right of exclusive control of their business assets, but they did not acquire any such property.").

Because plaintiffs cannot meet all the elements of a claim under § 1962(c), I am denying as futile plaintiffs' motion for leave to amend their complaint. (Defendants raise an argument that plaintiffs have not alleged an "enterprise," but I need not consider that issue.) Further, because plaintiffs have withdrawn their claims under the Sherman Act, this leaves no federal claims in the case. "A court that resolves all federal claims before trial normally should dismiss supplemental claims without prejudice" to allow refiling in state

court. Redwood v. Dobson, 476 F.3d 462, 467 (7th Cir. 2007). Particularly because the federal claims have been resolved at an early stage of the litigation, it would not be a proper exercise of discretion to continue with the state claims in federal court. E.g., Segal v. Geisha NYC LLC, 517 F.3d 501, 506 (7th Cir. 2008). Accordingly, I am declining to exercise supplemental jurisdiction over plaintiffs' state law claims and dismissing the case.

ORDER

IT IS ORDERED that

1. Defendants Bobby Willis's and Western Slope Country Fest, LLC's motion to dismiss the complaint as to plaintiffs Wisconsin Jam Productions, Inc.'s and Rock Jam, LLC's claims under the Sherman Act, dkt. #15, is DENIED as moot because plaintiffs have withdrawn those claims.

2. Defendant Western Slope Country Fest, LLC's motion to dismiss for lack of personal jurisdiction and improper venue, dkt. #11, is DENIED as moot.

3. Plaintiffs' motion for leave to amend their complaint, dkt. #27, is DENIED as futile.

4. I am declining to exercise supplemental jurisdiction over the state law claims. The complaint is DISMISSED WITHOUT PREJUDICE to plaintiffs' refiling the state law claims in state court.

5. Defendants' motion to transfer the case to the United States District Court in the District of Colorado, dkt. #17, is DENIED as moot.

Entered this 3d day of May, 2011.

                                   BY THE COURT:
                                   /s/
                                   BARBARA B. CRABB
                                   District Judge